GREEN J.
delivered the opinion of the court.
The bill alleges, that the defendant had obtained judgment against the complainant, and had caused execution to be levied on several negroes, a wagon, and some mules, the property of the company, purchased with the profits of the road; and prays that the defendant be enjoined, on the ground that the state has a lien on said property, by the act of 1837, ch. 107, sec. 24, because the individual stockholders had not paid up for their stock.
The act referred to, secures to the state, a lien on the entire works of said companies respectively for the amount paid in by the state. It also provides that the rents, tolls and profits of the companies shall enure to the state until individual stockholders shall have paid their entire stock.
The property levied on in this case does not consist of the works of the company, nor . of material for the construction of the road; and therefore, is unlike the case of The State vs. Lagrange and Memphis rail road, 4 Hump. R., 448. The provision that the profits, rents, and tolls of the road shall, enure to the state, until the individual stockholders shall have paid *107 their entire stock, is intended only as an exclusion of the stockholders from the receipt of dividends, until they shall pay in their entire stock, but is not a provision, in exclusion of the right of creditors, by a proper proceeding, from the application of these profits in extinguishment of their debts. But the property here levied on, is not embraced in either provision ol the 24th section of this law.
If, however, there were grounds for resisting the satisfaction of this execution, on the part of the state, there certainly are none on the part of the complainant; and the complainant has no right to maintain this bill on behalf of the state.
Affirm the decree.